ABRAHAM ALTEROWITZ and Another, Respondents, *v.* BENE LEVY and Another, Appellants.

ABRAHAM ALTEROWITZ and Another, Respondents, *v.* BENJAMIN LEVY and Another, Appellants.

Supreme Court, Appellate Term, First Department, December 16, 1926.

Landlord and tenant — action for rent — tenants entitled to rent free where landlords' conduct resulted in actual partial eviction — error to exclude testimony of previous landlord to effect that terms of assignment of lease to plaintiffs included assumption of liability for security deposited with previous landlord.

In an action for rent it was error to direct a verdict for the landlords, for the tenants were entitled to occupy the premises for the term, rent free, where the evidence indicates that said tenants did not, as a matter of law, acquiesce in the daily conduct of the plaintiffs, resulting in an actual partial eviction.

It was error for the court to refuse to admit the testimony of the tenants' previous landlord which might have shown that the terms of the assignment of the lease and the transfer of the property to said tenants' present landlords included the assumption of liability for the security deposited with their former landlord.

APPEAL by tenants from a final order in summary proceedings to dispossess the tenants and from a judgment for rent, both entered in favor of the landlords in the Municipal Court, Borough of Manhattan, Seventh District.

*Helen Wassman*, for the appellants.

*Paul M. Abrahams* [*Arthur N. Seiff* of counsel], for the respondents.

PER CURIAM. It was error to direct a verdict for the landlords in these actions. The tenants did not as a matter of law acquiesce in the conduct of the plaintiffs which was daily resulting in an actual partial eviction. Consequently the tenants (although they cannot claim damages for injury to their business while remaining in possession) were entitled to occupy the premises for the first twenty days of February rent free. The court was further in error in refusing to admit the testimony of the previous landlord which might have shown that the terms of the assignment of the lease and of the transfer of the property to the present landlords

included the assumption of liability for the security deposited with the former landlord under the lease for the benefit of these tenants. If the jury should be satisfied that this security was in fact so transferred, the tenants would clearly be entitled to the recovery of the security on their counterclaim.

Final order and judgment reversed and a new trial ordered, with thirty dollars costs to appellants to abide the event.

All concur; present, BIJUR, O'MALLEY and LEVY, JJ.